UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANNETTE CHINN,<br><br>    Plaintiffs,<br><br>v.<br><br>DEPTFORD TOWNSHIP, et al.<br><br>    Defendants. | Civil Action No. 20-10256<br><br>**MEMORANDUM OPINION AND ORDER** |

**HILLMAN**, **District Judge**

WHEREAS, on September 9, 2020, the Court ordered the parties to serve Rule 26 Disclosures by September 30, 2020 (ECF No. 5); and

WHEREAS, Defendants Deptford Township, Deptford Township Police Department, Deptford Township Internal Affairs Department, Police Chief Kevin Pancoast, Sergeant Michael Riggs, Detective Matthew J. Massing, and Officer Ryan Osmola (collectively "Moving Defendants") served their Rule 26 Disclosures on all parties on September 2, 2020 (ECF No. 10-1 ¶3); and

WHEREAS, on November 4, 2020, counsel for Moving Defendants sent a letter to Plaintiffs' counsel, Joseph Howard, Esq. ("Mr. Howard"), inquiring as to the status of Plaintiffs' Rule 26 Disclosures (ECF No. 10-1 ¶3); and

WHEREAS, on December 14, 2020, Moving Defendants, after

receiving no response from Mr. Howard, sent a letter to the Court informing Magistrate Judge Joel Schneider that Plaintiffs have still failed to serve their Rule 26 Disclosures (ECF No. 6); and

WHEREAS, on that same day, the Court ordered that all disclosures shall be served by no later than December 23, 2020 (ECF No. 7); and

WHEREAS, on December 21, 2020, counsel for Moving Defendants called Mr. Howard inquiring as to the status of Plaintiffs' Rule 26 Disclosures.  Counsel left a voicemail; however, Mr. Howard failed to respond to counsel's phone call (ECF No. 10-1 ¶7); and

WHEREAS, on December 28, 2020, counsel for Moving Defendants sent a letter to the Court informing then-Magistrate Judge Joel Schneider that Moving Defendants had still not received Plaintiffs' Rule 26 Disclosures (ECF No. 8); and

WHEREAS, on December 30, 2020, the Court ordered that Moving Defendants were granted leave to file a discovery motion with a request for fees and costs if Plaintiffs failed to serve their Rule 26 Disclosures by January 8, 2021 (ECF No. 9); and

WHEREAS, in violation of the Court's December 30, 2020 Order, Plaintiffs failed to serve their Rule 26 Disclosures by January 8, 2021 (ECF No. 10-1 ¶10); and

WHEREAS, on January 12, 2021, Moving Defendants filed the

2

present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 37(b) for Plaintiffs' failure to serve Rule 26 Disclosures (ECF No. 10); and

WHEREAS, on May 13, 2021, Plaintiffs sent a letter to the Court requesting a stay of this matter to retain new legal counsel and accusing Mr. Howard of conspiring with the other parties by failing to provide the required discovery (ECF No. 15); and

WHEREAS, on July 19, 2021, Magistrate Judge Matthew J. Skahill ordered Mr. Howard to move to withdraw as counsel no later than July 20, 2021 (ECF No. 19); and

WHEREAS, on July 26, 2021, Plaintiffs sent an additional letter to the Court requesting time to find new legal representation (ECF No. 22); and

WHEREAS, on August 6, 2021, the parties attended an in-person hearing with Magistrate Judge Matthew J. Skahill regarding Mr. Howard's oral application to withdraw as Plaintiffs' attorney (ECF No. 25); and

WHEREAS, on August 10, 2021, the Court granted Mr. Howard's Motion to Withdraw as counsel for Plaintiffs (ECF No. 27); and

WHEREAS, on August 11, 2021, the Court ordered Plaintiffs to either (1) retain legal counsel, who shall enter a formal appearance on the docket; or (2) file a <u>pro se</u> response to Moving Defendants' Motion to Dismiss within twenty days (ECF No.

29); and

WHEREAS, on August 27, 2021, Plaintiffs sent a letter to the Court seeking an additional thirty-day extension to secure legal counsel (ECF No. 30); and

WHEREAS, on September 3, 2021, the Court granted, in part, Plaintiffs' request for an extension.  The Court ordered Plaintiffs to either (1) retain legal counsel in this matter who shall enter a formal appearance no later than that date; or (2) file a pro se response to Moving Defendants' Motion to Dismiss by no later than September 15, 2021 (ECF No. 31); and

WHEREAS, on September 15, 2021, Plaintiffs filed a Substitution of Attorney advising the Court that they wish to proceed pro se and sent a letter to the Court explaining Plaintiffs "are in Objection to Defendants Motion to Dismiss" (ECF Nos. 33-34); and

WHEREAS, to date, Plaintiffs have not served their Rule 26 Disclosures (ECF No. 34 at 5-6); and

WHEREAS, pursuant to Federal Rule of Civil Procedure 37(b)(2), if a party fails to obey a discovery order, the Court may impose sanctions including the dismissal of the action or parts thereof.  See Fed. R. Civ. P. 37(b)(2)(A)(v).  In addition, the Court may order the party to pay reasonable expenses, including attorneys' fees for failure to obey the Order "unless the failure was substantially justified or that

other circumstances make an award of expenses unjust." See Fed. R. Civ. P. 37(b)(2)(C); and

WHEREAS, an entire year has almost passed since Plaintiffs were first required to serve their Rule 26 Disclosures on Moving Defendants. Accordingly, the Court is inclined to grant Moving Defendants' Motion to Dismiss; but

WHEREAS, the Court will afford Plaintiffs an additional twenty-one (21) days to serve their Rule 26 Disclosures given the uncertainty surrounding the communications between Plaintiffs and Mr. Howard as well as Plaintiffs supposed lack of knowledge regarding Mr. Howards' failure to provide the required discovery; and

WHEREAS, given the substantial amount of time that has passed since Plaintiffs were first required to serve their Rule 26 Disclosures and the various extensions that Plaintiffs were already provided, the Court will not grant any extension requests made by Plaintiff to serve their Rule 26 Disclosures unless the Moving Defendants consent to such request; and

WHEREAS, if Plaintiffs fail to serve their Rule 26 Disclosures within twenty-one (21) days of the date of this Order, Moving Defendants may reinstate their Motion to Dismiss for Plaintiffs' failure to serve Rule 26 Disclosures in violation of the Court's December 30, 2020 Order.

THEREFORE,

IT IS on this 21st day of September, 2021

ORDERED that Moving Defendants' Motion to Dismiss (ECF No. 10) be, and the same hereby is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that Plaintiffs shall serve their Rule 26 Disclosures within twenty-one (21) days of the date of this Order; and it is further

ORDERED that the Court will not grant any extension requests for Plaintiffs to serve their Rule 26 disclosures without Moving Defendants' consent; and it is further

ORDERED that if Plaintiffs fail to serve their Rule 26 Disclosures within twenty-one (21) days of the date of this Order, then Moving Defendants may reinstate their Motion to Dismiss; and it is further

ORDERED that the Clerk's Office shall serve a copy of this Order upon the Plaintiffs at their last known address and to the email address provided during the August 6, 2021 hearing.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.