```
                 UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

ANNETTE CHINN, et al.,

    Plaintiffs,

v.

DEPTFORD TOWNSHIP, et al.,

    Defendants.

Civ. No. 20-cv-10256-NLH-MJS

OPINION

**APPEARANCES:**

ANNETTE CHINN
106 PINECONE COURT
SICKLERVILLE, NJ 08081

    *Plaintiff appearing pro se*

DOUGLAS CHINN
106 PINECONE COURT
SICKLERVILLE, NJ 08081

    *Plaintiff appearing pro se*

CHELSEY CHINN
106 PINECONE COURT
SICKLERVILLE, NJ 08081

    *Plaintiff appearing pro se*

ERIN R. THOMPSON
BIRCHMEIER & POWELL, ESQS.
1891 STATE HIGHWAY 50
PO BOX 582
TUCKAHOE, NJ 08250-0582

    *On behalf of Defendants Deptford Township, Deptford Township Police Department, Deptford Township Police Internal Affairs Department, Police Chief Kevin Pancoast, Sergeant Michael Riggs, Detective Matthew J. Massing, and Officer Ryan Osmola*

**HILLMAN**, District Judge

This matter comes before the Court by way of a motion to dismiss, [Docket Number 37], filed by Defendants Deptford Township, Deptford Township Police Department, Deptford Township Police Internal Affairs Department, Police Chief Kevin Pancoast, Sergeant Michael Riggs, Detective Matthew J. Massing, and Officer Ryan Osmola (collectively "Defendants").  Defendants contend dismissal is warranted because of *pro se* Plaintiffs Annette Chinn, Douglas Chinn, and Chelsey Chinn's (collectively "Plaintiffs") failure to provide discovery pursuant to Local Civil Rule 37.1 and violation of the Court's September 21, 2021 Order.  Indicative of their uncooperative conduct displayed throughout this aged yet undeveloped case, Plaintiffs failed to timely file opposition,[1] such that the motion now presents as

---

[1] Defendants filed the instant motion on October 14, 2021. Plaintiffs' opposition was thus due to be filed no later than November 1, 2021. On November 15, 2021, Plaintiffs submitted a letter to the Court requesting additional time to respond to the motion offering a vague and bald assertion that they needed further time because they were "repeatedly retaliated against by Gloucester County Agencies, some of Deptford Police but especially Gloucester County Superior and Municipal Courts." November 15, 2021 Letter [Dkt. No. 38].  Although dated November 15, 2021, Plaintiffs' opposition to the motion was eventually filed on December 1, 2021.  Opposition [Dkt. No. 39].  Local Civil Rule 7.1(c)(1) and 78.1 provide that all parties' briefing schedules are set by the motion calendar and that any application to deviate from that schedule must be made to the Judge or Magistrate Judge assigned to the case.  Local Civil Rule 6.1 requires that each application for an extension of time must be served prior to the expiration of the period sought to be extended.  Plaintiffs' application for additional time thus failed to comport with our rules as untimely and as a sanction

unopposed.  The Court has considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons that follow, Defendants' motion will be granted.

## **FACTUAL AND PROCEDURAL HISTORY**

On December 3, 2019, Plaintiffs initiated the instant action by filing the underlying Complaint in the Superior Court of New Jersey, Law Division, Gloucester County. Notice of Removal [Dkt. No. 1], at 2.  Plaintiffs allege various common law tort claims, violations of various federal and New Jersey state statutes concerning civil rights, including 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, as well as violations of the New Jersey State Constitution and the Fourth Amendment to the United States

---

may be disregarded by the Court.  While this position may seem harsh given Plaintiffs' *pro se* status, their untimely submission regarding the present motion is part of a larger and longer pattern of delay and neglect that has plagued this case since its inception.  Moreover, even if the Court were to overlook Plaintiffs' undue delay in filing opposition to the motion and liberally construe their opposition, nothing contained within the opposition papers merits comment as Plaintiffs failed to address any of Defendants' legal arguments.  In short, the crux of Plaintiffs' opposition is a rambling summary of their alleged claims of mistreatment by Defendants as well as new claims of mistreatment while failing to address the merits of Defendants' motion.  Accordingly, even if the Court were to consider Plaintiffs' opposition on its merits, the outcome remains the same as Defendants have met their burden of demonstrating that the case should be dismissed with prejudice.

3

Constitution.² Complaint [Dkt. No. 1-1]. On June 25, 2020, Defendants answered the Complaint. Notice of Removal [Dkt. No. 1], at 3. No further proceedings, filings or activities occurred in the Superior Court, and, on August 10, 2020, Defendants removed the matter to this Court. Id.

Thereafter, as set forth in the Court's September 21, 2021 Memorandum Opinion and Order ("Mem. Op.") [Dkt. No. 35], the Court ordered the parties to serve their Federal Rule of Civil Procedure Rule 26 Disclosures no later than September 30, 2020. Mem. Op. [Dkt. No. 35], at 1. Defendants served their Rule 26 Disclosures on September 2, 2020, but Plaintiffs failed to serve their disclosures by the Court's deadline. Id. On November 4, 2020, counsel for Defendants submitted a letter to Plaintiffs inquiring as to the status of Plaintiffs' Rule 26 Disclosures. Receiving no response, on December 14, 2020, Defendants submitted a letter to the Court informing Magistrate Judge Joel Schneider that Plaintiffs had still failed to serve their Rule 26 Disclosures. Id. at 1-2. The same day, Judge Schneider ordered that all disclosures be served no later than December 23, 2020. Id. at 2.

---

² By virtue of the alleged violations of the United States Constitution and the aforementioned federal statutes this Court has federal question jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 and exercises supplemental jurisdiction over state law claims pursuant 28 U.S.C. § 1367.

On December 21, 2020, counsel for Defendants called Plaintiffs' counsel, Joseph Howard, Esq., to inquire as to the status of Plaintiffs' Rule 26 Disclosures.  Defense counsel left a voice message; however, Mr. Howard failed to respond. Ibid.  On December 28, 2020, Defendants again wrote the Court to inform that Plaintiffs had not yet served their Rule 26 Disclosures. Ibid.  In response, on December 30, 2020, the Court issued an order granting Defendants leave to file a discovery motion with a request for fees and costs if Plaintiffs failed to serve their Rule 26 Disclosures by January 8, 2021.  Ibid.  Plaintiffs again failed to serve them, to which, on January 12, 2021, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 37(b) for Plaintiffs' failure to serve Rule 26 Disclosures. Id. at 2-3.

On May 14, 2021, Plaintiffs submitted a letter to the Court requesting a stay of this matter to retain new legal counsel and accusing Mr. Howard of conspiring with the other parties by failing to provide the required discovery.  Id. at 3.  On July 19, 2021, Magistrate Judge Matthew J. Skahill directed Mr. Howard to move to withdraw as counsel no later than July 20, 2021. Ibid.  On July 26, 2021, Plaintiffs sent an additional letter to the Court requesting further time to find new counsel. Ibid.

On August 6, 2021, the parties attended an in-person hearing

5

with Judge Skahill regarding Mr. Howard's oral application to withdraw as Plaintiffs' attorney. Id. at 3. On August 10, 2021, the Court granted Mr. Howard's Motion to Withdraw as counsel for Plaintiffs. Ibid. On August 11, 2021, the Court ordered Plaintiffs to either: (1) retain counsel, who shall enter a formal appearance on the docket; or (2) file a *pro se* response to Defendants' motion to Dismiss within twenty days. Id. at 3-4.

On August 27, 2021, Plaintiffs sent a letter to the Court seeking an additional thirty-day extension to secure legal counsel. Id. at 4. On September 3, 2021, the Court issued an order granting the request in part, explaining that no later than September 15, 2021, Plaintiffs were required to either: 1) retain legal counsel in this matter who shall enter a formal appearance no later than that date; or (2) file a *pro se* response to Defendants' motion to dismiss no later than that date. Ibid. Failing to adhere to the Court's Order, on September 15, 2021, Plaintiffs filed a Substitution of Attorney advising the Court that they wished to proceed *pro se* as well as a one sentence letter that reads Plaintiffs "are in Objection to Defendants Motion to Dismiss." Ibid.; Letter [Dkt. Nos 33 and 34].

On September 21, 2021, this Court issued a Memorandum Opinion and Order [Dkt. No. 35], finding that, despite the passing of a full year, Plaintiffs had still failed to serve

6

their Rule 26 Disclosures.  Although the Court denied the motion to dismiss without prejudice, the Court ruled: (1) Plaintiffs must serve their Rule 26 Disclosures within twenty-one (21) days of the date of the Order; (2) no further extensions of time to serve the Disclosures would be granted without Defendants' consent; and (3) failure to serve the Disclosures within that time would result in the motion to dismiss being reinstated.  Accordingly, Plaintiffs were amply warned by the Court to serve their Rule 26 Disclosures and that failure to comply could result in sanctions, including dismissal of the action pursuant to Federal Rule of Civil Procedure 37.

On October 13, 2021, a day past the Court's deadline, Plaintiffs filed a jumble of documents on the Docket, which includes, without descriptions or explanations, images, police reports and records, emails, letters, municipal court documents, and purported state court form interrogatory responses dated from 2020.  Several of the documents are illegible; however, upon a thorough review of all documents, it is clear that none of the documents include Plaintiffs' Rule 26 Disclosures.

Thus, to date, as has been their pattern and practice, Plaintiffs have failed to serve their Rule 26 Disclosures and completely ignored the Court's Orders.  On October 14, 2021, Defendants moved to reinstate the motion to dismiss for

Plaintiffs' failure to answer discovery and for violating the Court's Orders.

## DISCUSSION

As noted previously in the Court's September 21, 2021 Memorandum Opinion and Order, pursuant to Fed. R. Civ. P. 37(b)(2), when a party fails to obey a discovery order, the Court may issue an Order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). This case should be dismissed for that exact reason, just as Defendants argue.

Although dismissal is within the Court's discretion, see Ware v. Rodale Press, Inc., 322 F.3d 218, 221-22 (3d Cir. 2003), dismissal is considered an "extreme" sanction, reserved for cases where a party has acted in "flagrant bad faith" or "callous disregard of [his or her] responsibilities." Nat'l Hockey League v. Metro Hockey Club, Inc., 427 U.S. 639, 643 (1976). Indeed, the Third Circuit has emphasized that courts are empowered to use their inherent equitable powers to dismiss actions as a sanction for a party's failure to prosecute, contempt of court, or abuse of litigation practices. See Lighting Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1179 n.15 (3d Cir. 1993) (citations omitted).

Where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors enunciated by the Third Circuit in Poulis v. State

8

Farm Casualty Co., 747 F.2d 863, 870 (3d Cir. 1984) (explaining that the relevant "factors should be weighed by the district courts in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited").  These factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal or default judgment, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  No specific Poulis factor is controlling, and dismissal may be warranted even if some of the factors are not met. See Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 919 (3d Cir. 1992).

However, "a Poulis analysis is unnecessary when a litigant's willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal" – this is such a case.  Dover v. Diguglielmo, 181 F. App'x 234, 237-38 (3d Cir. 2006).  Plaintiffs have demonstrated a clear pattern of abuse in this litigation as they have time and time again failed to respond to the Court's Orders or otherwise participate in this action by providing their Rule 26 Disclosures.  As of the

9

date of this Opinion it is nearly three months from the two-year anniversary of Plaintiffs' failure to provide their disclosures. Consequently, the Court finds that the remedies provided by Fed. R. Civ. P. 37(b)(2)(A)(v) for Plaintiffs' disregard of their discovery obligations and this Court's Orders are warranted.

Nonetheless, for the sake of completeness, the Court will address the Poulis factors as they ultimately support the sanction of dismissal:

1. Plaintiffs are personally responsible for their inaction as they are acting *pro se*. See Briscoe v. Klaus, 538 F.3d 252, 258-59 (3d Cir. 2008) ("It is logical to hold a *pro se* plaintiff personally responsible for the progress of his case, whereas a plaintiff represented by counsel relies, at least in part, on his or her attorney."). While Plaintiffs were previously represented by counsel, making their failure to serve Rule 26 Disclosures from August 10, 2020 (when the action was removed to this Court) to August 10, 2021 (when Mr. Howard was withdrawn as counsel) at least potentially not entirely their fault,[3] their subsequent

---

[3] The Third Circuit has stated, a plaintiff's "lack of responsibility for their counsel's dilatory conduct is not dispositive, because a client cannot always avoid the consequences of the acts or omissions of its counsel." Poulis, 747 F.2d at 868 (citing Link v. Wabash Railroad, 370 U.S. 626,

failure to serve the disclosures was theirs alone and strongly suggests the failure during the period they were represented was also because of their inaction and lack of cooperation and not counsel. Despite the Court's repeated Orders instructing them to serve the Disclosures, they have to date failed to do so and without so much as an explanation as to why they have been unable to provide the Disclosures. Moreover, copies of the Court's Orders directing Plaintiffs to serve the Disclosures were also mailed to Plaintiffs. Thus, responsibility for Plaintiffs' failure to serve their Rule 26 Disclosures and to comply with the Court's Orders cannot be placed on anyone but Plaintiffs. This factor weighs in favor of dismissal.

2. The prejudice to Defendants caused by the Plaintiffs' failure to participate in discovery and comply with the Court's Orders supports dismissal. The Third Circuit holds "prejudice is not limited to 'irremediable' or 'irreparable' harm," and "includes the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Briscoe, 538 F.3d at 259 (internal citation and quotation omitted). Typically, prejudice of this latter sort concerns disputes between the

---

633 (1962)).

parties on discovery or other pretrial matters, such as a failure to cooperate with discovery requests, court orders, or scheduled conferences.  See id.; see also Hoffman v. Palace Ent., 621 F. App'x 112, 115 (3d Cir. 2015) (affirming dismissal of *pro se* plaintiff's case, in part, due to her pattern of failing to cooperate and adhere to the Court's Order, thus causing prejudice to the defendants).  Here, Plaintiffs' repeated failure to comply with the Court's Orders and to participate in discovery has caused unnecessary delay, impeded Defendants' ability to effectively prepare a full and complete trial strategy, and has caused Defendants to incur unnecessary legal fees.  The Court therefore finds that Plaintiffs' misconduct has prejudiced Defendants, making this factor weigh in favor of dismissal.

3. The record demonstrates a well-documented history of Plaintiff's dilatoriness, thus further supporting dismissal. "Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams v. Trustees of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citation omitted).  Here, Plaintiffs have not only

12

   ignored the Court's Orders on multiple occasions, but they have also failed to produce discovery for nearly two years. In fact, at this time, as the Court notes above, there is still no indication in the record that Plaintiffs intend to serve their Rule 26 Disclosures.

4. Plaintiffs' inaction appears intentional, thus further weighing in favor of dismissal.  Plaintiffs have willfully failed to participate in this matter by virtue of (1) their repeated failures to produce the Rule 26 Disclosures and to respond to Defendants' requests for the disclosures, and (2) their repeated refusals to comply with the Court's Orders. See Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002) (finding that the party's "conduct in failing to comply with the Court's Orders and in dragging the case out was willful and not merely negligent or inadvertent"); see also Hunt-Ruble v. Lord, Worrell & Richter, Inc., No. 10-4520 (JEI/AMD), 2012 WL 2340418, at *5 (D.N.J. June 19, 2012) (holding the fourth Poulis factor supports dismissal "where the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, 'at the very least, renders [a party's] actions willful for the purposes of the fourth Poulis factor.'") (quoting Martino v. Solaris Health Sys. Corp., No. 04-6324

13

(SRC), 2007 WL 1959226, at *5 (D.N.J. June 29, 2007).

5. As Plaintiffs have continuously ignored the Court's Orders, the Court finds that dismissal is the only effective sanction. Plaintiffs have been afforded numerous opportunities to cure and show cause for their inaction yet they have routinely failed to do so. The Court therefore foresees no prospect that giving Plaintiffs another chance to produce their Rule 26 Disclosures, or imposing a lesser sanction, would elicit a change of behavior of delaying and hindering discovery and progress in this litigation.

6. Lacking Plaintiffs' participation in this case, as is plainly demonstrated by their repeated failure to even serve Rule 26 Disclosures and timely and effectively respond to Defendants' requests and submissions, this Court is left to conclude that it cannot assess the merits of Plaintiffs' claims. However, an inability to assess this factor does not forestall the Court's inevitable conclusion that the matter should be dismissed as a balancing of the other Poulis factors favors dismissal. See Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988) ("Not all of [the Poulis] factors need be met for a district court to find dismissal is warranted.").

Accordingly, the Court finds that at least five of the six Poulis factors weigh in favor of dismissal of the action. Although the Court recognizes that dismissal of a complaint is reserved for the most extreme cases, Poulis, 747 F.2d at 867-88, such extreme relief is appropriate here.  Plaintiffs have intentionally delayed this case for nearly two years and have demonstrated nothing but contempt for the Court's Orders.  Their abject failure to produce their Rule 26 Disclosures to Defendants shows a meaningful disinterest in litigating this case.  Therefore, there is no lesser alternative sanction than the dismissal of Plaintiffs' claims.

## **CONCLUSON**

Accordingly, for the foregoing reasons, and in consideration of the Poulis factors and Fed. R. Civ. P. 37(b)(2)(A)(v), this Court finds that dismissal as a sanction against Plaintiffs is warranted.  Defendants' motion will be granted and an appropriate Order will follow.


Date:  July 1, 2022             s/ Noel L. Hillman
At Camden, New Jersey           NOEL L. HILLMAN, U.S.D.J.

15